**463**

Gloria SIEMENS et al., Plaintiffs,

v.

Bob S. BERGLAND, Secretary of the
United States Department of
Agriculture, Defendant.

Civ. No. C–76–687M.

United States District Court,
W. D. Washington.

Order Certifying Class and Directing Entry
of Final Judgment Granting Declarato-
ry and Injunctive Relief July 1, 1977.

Order Denying Motion to Suspend
Injunction and Vacate Final
Judgment Nov. 10, 1977.

---

Deborah Maranville, Evergreen Legal
Services, Seattle, Wash., for plaintiffs.

Charles Pinnell, Asst. U. S. Atty., Seattle,
Wash., for defendant.

## ORDER CERTIFYING CLASS AND DI-RECTING ENTRY OF FINAL JUDG-MENT GRANTING DECLARATORY AND INJUNCTIVE RELIEF

McGOVERN, Chief Judge.

This matter was heard upon plaintiff's
motions for class certification and for re-
consideration of this court's denial of de-
claratory and injunctive relief. The Court
having considered the records and files in
this case and heard oral arguments by coun-
sel

IT IS ORDERED that this case is certi-
fied as a class action pursuant to F.R.Civ.P.
23(a) and (b)(2) for the purpose of granting
declaratory relief. The class is defined as
all Washington residents who were at the
time of filing of the complaint in this ac-
tion, who are, or who will in the future be
receiving employment training under the
Comprehensive Employment Training Act
(CETA) and who have had or will have the
cost of their food stamp benefits increased

due to their receipt of $30.00 per week CETA incentive allowances; and further

IT IS DECLARED pursuant to 28 U.S.C. § 2201 that defendant's use of 7 C.F.R. § 271.3(c)(1)(g) to count the class members' CETA incentive allowances as income for the purpose of computing food stamp benefits violates 29 U.S.C. § 821(a); and further

THE DEFENDANT IS PERMANENTLY ENJOINED from enforcing 7 C.F.R. § 271.3(c)(1)(g) in the State of Washington insofar as the regulation counts CETA incentive allowances as income for the purpose of computing food stamp benefits.

The clerk is directed to enter a final judgment in accordance with the foregoing order since there is no just reason for delay and the conditions in Rule 54(b) are satisfied.

### ORDER DENYING MOTION TO SUSPEND INJUNCTION AND VACATE FINAL JUDGMENT

THIS MATTER comes on for consideration before the undersigned Judge of the above-entitled Court upon the defendant's Motion to Suspend Injunction and Vacate Final Judgment, pursuant to Rule 60(b), Federal Rules of Civil Procedure. The defendant further moves the Court, pursuant to Rule 62, F.R.Civ.P., and Rule 8, Federal Rules of Appellate Procedure, to stay and suspend the Court's final judgment granting, inter alia, declaratory and injunctive relief, said judgment having been entered in the cause on July 1, 1977.

The Judgment from which relief is here sought, inter alia, (1) declared that the Secretary of Agriculture's characterization of that certain "incentive allowance" granted pursuant to the Comprehensive Employment Training Act (29 U.S.C. § 801, et seq.) as "income" for food stamp purposes is in violation of 29 U.S.C. § 821(a), and (2) permanently enjoined the enforcement of 7 C.F.R. § 271.3(c)(1)(g) in the State of Wash-

ington insofar as that regulation requires that CETA incentive allowances be treated as income for the purpose of computing food stamp benefits.

The defendant grounds its present request for relief on amendments to the Food Stamp Act which amendments became effective on October 1, 1977.

Having considered Section 5(d) of the new legislation [1] together with the arguments and authorities relied upon by the defendant in support of its construction of that Section, the Court remains of the opinion that the "disregard" clause contained in Section 821(a) of the Comprehensive Employment Training Act (CETA) and announced therein specifically with respect to the subject $30.00 per week incentive allowance, comes within the exclusion purview of the new Section 5(d)(10).

The House Report's statement at page 28 that "the Committee bill is more in keeping with Chek v. Butz, (N.D.Cal.1975)" [sic], is less than helpful in the present discussion. Judge Renfrew's unpublished "Memorandum of Opinion and Order" in Chek v. Butz, (N.D.Cal., No. C–75–0559–CBR) is dated May 29, 1975. Chek did not involve CETA nor the "disregard" provisions of any other statute. There, the plaintiff unsuccessfully challenged the Secretary's characterization of educational grants as income for food stamp purposes without deductions for non-mandatory educational expenses. When faced with the identical question raised in Chek, this Court reached the same conclusion, citing Chek, inter alia, as authority for its decision. See the Court's Order and Judgment entered on October 15, 1976 in Lyles v. Butz, (W.D.Wash. No. C76–193M).

The Court remains of the opinion that the premises here are closer to those addressed in Hamilton v. Butz, 520 F.2d 709 (9th Cir. 1975). The CETA "disregard" can readily be construed to reflect the same Congres-

---

1. The Food Stamp Act of 1964 Amendments, Section 1301, Subsection 5, reads in part:

(d) Household income for purposes of the food stamp program shall include all income from whatever source excluding only . .

and (10) any income that any other law specifically excludes from consideration as income for the purpose of determining eligibility for the food stamp program.

sional intention to exclude which was written into the Alaska Native Claims Settlement Act at 43 U.S.C. § 1601(g) and (c). See the Court's Order Granting Cross-Motion for Summary Judgment entered in this cause on March 21, 1977, at page 2.

Title 29 U.S.C. § 821(a) provides that the subject incentive allowance "be disregarded in determining the amount of public assistance payments under Federal or Federally assisted public assistance programs." Food stamps are payments of financial assistance. NOW, THEREFORE,

IT IS ORDERED, ADJUDGED and DECREED that the defendants' Motion to Suspend Injunction and Vacate Final Judgment, and for additional relief, be and the same is hereby DENIED.